LAW OFFICE OF
# BENJAMIN SILVERMAN

224 WEST 30TH ST., SUITE 302
NEW YORK, NY 10001

TEL (212) 203-8074
FAX (646) 843-3938
Benjamin@bsilvermanlaw.com

January 27, 2025

**By ECF**
Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

*[Handwritten note: Having reviewed the record and considering the §3553a factors, this application is denied. Denise Cote 2/25/25]*

Re: *United States v. Prince Uko*, 20 Cr. 179 (DLC)

Your Honor:

    I write respectfully to request early termination of supervised release for Prince Uko. Probation consents and the government takes no position. Mr. Uko pled guilty and was sentenced on July 2, 2021, for participating in a conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. Dkt. 351. His sentence included a three-year term of supervised release. *Id.* He was released from prison on January 18, 2023, and he has been on supervised release for a just over two years.[1]

    Mr. Uko's "conduct" and "the interests of justice" both warrant early termination of supervised release. 18 U.S.C. § 3564(c). He is employed full time at Nestle and drives for Uber. He enrolled in an information technology class on the weekends through Coin Education. I am informed that he has never missed a monthly restitution payment. He had a son, who is now four months old. He wants to be able to take his son to visit his family in Nigeria. He has exhibited "exceptionally good" behavior consistent with an appropriate early termination of supervised release. *See United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).

---

[1] On December 5, 2023, the Court signed an Order Transferring Jurisdiction to the Northern District of Georgia. Dkt. 581. Probation Officer Janise Patterson from N.D. Ga. informed counsel that no judge in her district ever accepted jurisdiction, although N.D. Ga. Probation has been supervising Mr. Uko and the S.D.N.Y. Probation Office informs me that it no longer has anyone assigned to this matter.

Supervised release was designed "to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release." *United States v. Aldeen*, 792 F.3d 247, 252 (2d Cir. 2015) (quoting S.Rep. No. 98–225, at 124 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3307). "Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). "The purpose of federal supervised release is to assist people who have served prison terms with rehabilitation and reintegration into the law-abiding community." *United States v. Trotter*, 321 F. Supp. 3d 337, 339 (E.D.N.Y. 2018) (Weinstein, J.). In this case, the goals of supervision have been met: Mr. Uko has successfully transitioned back into the community.

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The decision whether to grant early termination rests within the discretion of the district court." *United States v. Harris*, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010); *United States v. Sheckley*, 129 F.3d 114 (2d Cir. 1997) (unpublished) ("We have explained that the determination of early release is a discretionary decision made by the district court."). Notably, the U.S. Sentencing Guidelines encourage courts to exercise their authority to terminate supervised release early in appropriate cases. U.S.S.G. § 5D1.2, cmt. (n.5). This is an appropriate case for the Court to exercise its discretion and terminate supervision. The Probation Office's support should be given great deference. Court's "place[ ] great weight on the fact that the Probation Department . . . is in the best position to assess [his] adjustment to supervision to date, his potential for recidivism, and the need (or lack thereof) for continued supervision[.]" *United States v. Nelson*, 2022 WL 125814, at *2 (E.D.N.Y. Jan. 13, 2022) (granting early termination of supervision); *see also United States v. Noel*, 2021 WL 4033769, at *2 (E.D.N.Y. Sept. 3, 2021) (same; granting early termination of supervision).

The § 3553(a) factors also favor reducing Mr. Uko's supervised release term. Given his age, education level, and lack of *any* other criminal history, there is extremely low risk that he will reoffend. Nor will Mr. Uko's continued supervision promote general deterrence given the over two years that he has already spent under supervision. The prison sentence and over two years that Mr. Uko has already spent on supervised release are sufficient to promote respect for the rule of law and to provide just punishment for the offense.

Hon. Denise L. Cote
United States District Judge
January 27, 2025
Page 3

      For the foregoing reasons, I respectfully request that the Court terminate Mr. Uko's supervised release. I conferred with Probation Officer Janise Pattesron, who consents to this request, and Assistant United States Attorney Kevin Mead, who takes no position. Thank you for your consideration.

                                                     Respectfully submitted,

                                                     /s/ Benjamin Silverman
                                                   Benjamin Silverman
                                                   *Attorney for Prince Uko*

cc: AUSAs Kevin Mead and Jun Xiang (by ECF)
    Probation Officer Janise Patterson (by email)